UNITED STATES of America, Plaintiff,

v.

Jack MANDEL, Defendant.

No. 90 CR 543 (JRB).

United States District Court,
E.D. New York.

May 23, 1994.

254

Zachary Carter, U.S. Atty. by Jennifer Boal, Asst. U.S. Atty., Brooklyn, NY, for plaintiff.

Gary Greenwald, Goshen, NY, for defendant.

## MEMORANDUM AND ORDER

BARTELS, District Judge.

On December 16, 1991, defendant Jack Mandel pled guilty before this court to two counts of mail fraud. Defendant was sentenced on June 25, 1993, and is currently incarcerated at the Federal Prison Camp in Lewisburg, Pennsylvania. In addition, defendant has brought a civil action, *Mandel v. Sciacca*, in the Supreme Court of the State of New York for Sullivan County. Following sentencing, the court ordered that any proceeds recovered by Mandel in his civil suit be placed in a fund to be used to make restitution to the victims of his federal crime.

On October 5, 1993, this court issued a Writ of Habeas Corpus *Ad Testificandum* ordering the Bureau of Prisons and the United States Marshals Service ["U.S. Marshal"] to produce Mandel at the Sullivan County Supreme Court for trial of the civil action. The Warden of the Lewisburg Federal Prison Camp ignored the writ and failed to produce Mandel as ordered. Accordingly, the state trial was adjourned.

Defendant presently before this court with another proposed Writ of Habeas Corpus *Ad Testificandum*, seeking to ensure his pres-ence at the state civil trial which is scheduled to begin May 23. The Bureau of Prisons and the U.S. Marshal have opposed issuance of the writ, claiming that Mandel has not followed the proper procedure for obtaining the presence of a federal prisoner at a state court proceeding. In addition, the government requests that the court consider less burdensome alternatives to defendant's personal appearance.

## DISCUSSION

To begin, the government is correct in stating that federal regulations authorize the issuance of a writ of habeas corpus *ad testificandum* by the state court to ensure production of a federal prisoner. 28 C.F.R. § 527.30 *et seq.* Further, the court recognizes that it lacks the power to compel the U.S. Marshal to transport state prisoners to appear in a federal action. *Pennsylvania Bureau of Correction v. United States Marshals Service* ["*Pennsylvania Bureau of Correction*"], 474 U.S. 34, 36, 106 S.Ct. 355, 357–58, 88 L.Ed.2d 189 (1985); *see also Rivera v. Santirocco*, 814 F.2d 859, 861 (2d Cir.1987).

However, the above-cited authority does not address the district court's authority under the habeas statute, 28 U.S.C. § 2243, to compel the custodian of a federal prisoner to produce the detainee. In *Pennsylvania Bureau of Correction*, the Supreme Court addressed only the power of the district court with respect to the U.S. Marshal; the Court explicitly stated that a writ *ad testificandum* directed to the prisoner's custodian "indisputably provides a district court with a means of producing a prisoner-witness." 474 U.S. at 42 n. 7, 106 S.Ct. at 361 n. 7.

In addition, the All Writs Act, 28 U.S.C. § 1651, empowers the court to "issue such commands ... as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction." *Pennsylvania Bureau of Correction*, 474 U.S. at 40, 106 S.Ct. at 360, citing *United States v. New York Telephone Company*, 434 U.S. 159, 172, 98 S.Ct. 364, 372, 54 L.Ed.2d 376. As a condition of his sentence, Mandel was ordered to place the proceeds of his civil action in a restitution fund. Neither the defendant

nor the government has contested the court's jurisdiction to impose such a condition. Further, defendant's testimony at his state trial is appropriate to effectuate this order. Accordingly, this court has authority to order Mandel's production at his civil trial.

■ This does not mean, however, that the court need not consider the expense involved in carrying out such an order as well as less burdensome alternatives. The government requests that defendant be required to reimburse the cost of his transportation and housing out of any recovery in the civil action. However, it is not clear that defendant will ultimately recover enough to meet these expenses; moreover, the court finds that these funds would be better utilized for restitution purposes.

Further, the government has presented several options other than defendant's physical production which would serve the interests of justice at a lower cost to the taxpayers. Therefore, on this ground, the application for a writ of habeas corpus *ad testificandum* is denied.

Therefore, the Bureau of Prisons is hereby ORDERED to make defendant available and provide appropriate facilities to enable either: (1) a videotaped deposition of defendant which counsel may offer at trial; or (2) defendant's testimony in the state court proceedings by audio connection. Failure to comply with this order by any government official, including the Warden at the Lewisburg Federal Prison Camp, will result in a finding of contempt.

SO ORDERED.